IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DALI WIRELESS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CORNING, INC., a New York Corporation, and CORNING OPTICAL COMMUNICATIONS LLC, a North Carolina Limited Liability Company, <br><br> Defendants. | Case No. 6:20-cv-00827-ADA <br><br> **JURY TRIAL DEMANDED** |
| DALI WIRELESS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CORNING, INC., a New York Corporation, and CORNING OPTICAL COMMUNICATIONS LLC, a North Carolina Limited Liability Company, <br><br> Defendants. | Case No. 6:20-cv-01108-ADA <br><br> **JURY TRIAL DEMANDED** |

**MOTION TO DISMISS WITHOUT PREJUDICE
AND TO ENTER SCHEDULING ORDER**

Plaintiff Dali Wireless, Inc., pursuant to Federal Rules of Civil Procedure 41(a)(2) and 16(b), hereby files this Motion to Dismiss Case No. 6:20-cv-00827-ADA Without Prejudice and to Enter Scheduling Order in Case No. 6:20-cv-01108-ADA (the "-827 Case" and "-1108 Case," respectively). The Corning Defendants do not oppose Dali's motion to the extent it seeks to dismiss

1

the -827 Case. The Corning Defendants oppose Dali's proposal to substantially preserve the previously-agreed litigation schedule in the -1108 Case.

Dali's Complaint in the newly-filed -1108 Case is substantively identical to the Amended Complaint Dali previously filed in the pending -827 Case (ECF No. 19). Dali has refiled its Complaint in the -1108 Case in light of a since-cured standing defect regarding which Dali corporate entity is presently assigned the asserted U.S. Patent No. 9,826,508.

Granting Dali leave to dismiss its Complaint in the -827 Case, while simultaneously preserving the previously-agreed schedule in the -1108 Case, would serve justice and promote judicial efficiency: Rather than engage in costly and disruptive motion practice to cure a technical defect,[1] dismissing the -827 Case and proceeding in the -1108 Case will allow the parties and the

---

[1] Dali notes that there is an evolving split of authority among the U.S. Courts of Appeal regarding whether a plaintiff may retroactively cure standing defects during the pendency of a litigation:

> A number of the circuit courts of appeal have addressed whether events subsequent to the filing of the original complaint can cure a jurisdictional defect. Some courts have held that a plaintiff may cure a standing defect through a supplemental pleading alleging facts that arose after the original complaint was filed. . . . The circuit courts of appeal adopting [this] approach have relied on the supplemental pleadings provision of Federal Rule of Civil Procedure 15(d), which provides such pleading may "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." . . . Permitting subsequent pleadings to correct jurisdictional defects "circumvents the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief."

See *Scahill v. District of Columbia*, 909 F.3d 1177, 1183-84 (D.C. Cir. 2018) (collecting cases) (quoting *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036 (9th Cir. 2015); other citations and footnote omitted). As far as Dali is aware, the Fifth Circuit has not yet addressed this issue. See *Cohan v. TMBC, LLC*, C.A. No. 18-1072-BAJ-EWD, 2019 U.S. Dist. LEXIS 83894, at *5 n.4 (M.D. La. May 17, 2019).

Given the presently-unsettled state of the law in this Circuit, Dali has simply elected to file a new Complaint.

Court to focus on the merits of Dali's patent assertions and the Corning Defendants' defenses thereto.

There would be no substantial or undue prejudice to the Corning Defendants, who previously agreed to the attached form of Proposed Scheduling Order in connection with the -827 Case. Dali proposes, as an accommodation to the Corning Defendants and as the sole departure from the parties' previously-agreed schedule, that the Corning Defendants' deadline to file any Motion to Transfer will be adjourned until 14 days following the date on which the Court either convenes its Case Management Conference in the -1108 Case, or deems the CMC to have occurred.

During the meet-and-confer process, the Corning Defendants were not able to identify any specific way in which they would allegedly be prejudiced by implementing the previously-agreed -827 Case schedule in the -1108 Case. Nor did the Corning Defendants identify any additional particular accommodations that they wished to request as compared to the previously-agreed -827 Case schedule.

The Corning Defendants generally objected that Dali would not be entitled to the previously-agreed -827 Case schedule if Dali had simply first filed its -1108 Case Complaint on December 4. But Dali's prior Complaint in the -827 Case—which has already put Corning on notice, as of three months ago, of Dali's substantive allegations in the -1108 Case—is precisely why the Corning Defendants would not be prejudiced under these particular circumstances. Indeed, the Corning Defendants have already received Dali's preliminary infringement contentions served last Friday, December 4, in connection with the -827 Case, and do not need any additional time to consider Dali's infringement theories in connection with the -1108 Case. (And for the

avoidance of doubt, Dali further served an identical version of its preliminary infringement contentions in connection with the -1108 Case.)

Based on their substantial advance notice, the Corning Defendants will easily be able to re-file their -827 Case Answer in the -1108 Case on December 30 (having agreed to accept email service of the -1108 Case Complaint as of today), and to prepare and serve their preliminary invalidity contentions on February 1, 2021, as previously agreed between the parties. The Corning Defendants also have doubtless already begun to prepare any *Inter Partes* Review petition(s) that they may intend to file based on initial review of Dali's -827 Case Complaint.

Dali thus respectfully requests that the Court grant Dali's Motion to Dismiss Case No. 6:20-cv-00827-ADA Without Prejudice and to Enter Scheduling Order in Case No. 6:20-cv-01108-ADA.

A Proposed Order dismissing the -827 Case is attached as Exhibit 1. A Proposed Scheduling Order for the -1108 Case is attached as Exhibit 2.

**CERTIFICATE OF CONFERENCE**

Per Local Rule CV-7(i), I certify that counsel for Plaintiff and Defendants conferred in good faith. Defendants Corning, Inc. and Corning Optical Communications LLC do not oppose Plaintiff Dali Wireless, Inc.'s Motion to Dismiss 6:20-cv-00827-ADA Without Prejudice. The parties' good-faith discussions concerning Plaintiff Dali Wireless, Inc.'s Motion to Enter Scheduling Order in Case No. 6:20-cv-01108-ADA have reached an impasse, for the reasons detailed in Dali's foregoing motion.

Date: December 9, 2020              Respectfully submitted,

                                    FOLIO LAW GROUP PLLC

                                    */s/ Cristofer I. Leffler*
                                    Cristofer I. Leffler, WA Bar No. 35020
                                    Folio Law Group PLLC
                                    14512 Edgewater Lane NE
                                    Lake Forest Park, WA 98155
                                    Tel:    (206) 512-9051
                                    Email: cris.leffler@foliolaw.com

                                    Joseph M. Abraham, TX SB No. 24088879
                                    Law Office of Joseph M. Abraham
                                    13492 Research Blvd., Suite 120, No. 177
                                    Austin, TX 78750
                                    T: 737-234-0201
                                    Email: joe@joeabrahamlaw.com

                                    *Attorneys for Dali Wireless, Inc.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 9th day of December, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Michael J. Newton
    Mike.Newton@alston.com
    ALSTON & BIRD
    950 Page Mill Road
    East Palo Alto, CA 94304

    Michael Lee
    Michael.Lee@alston.com
    ALSTON & BIRD
    2200 Ross Avenue, Ste. 2300
    Dallas, TX 75201

    Ross Barton
    Ross.Barton@alston.com
    ALSTON & BIRD
    101 South Tryon Street, Ste. 4000
    Charlotte, NC 28280

                                       */s/ Cristofer I. Leffler*
                                       Cristofer I. Leffler